UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

MICHAEL MALOTT,

                    Plaintiff,                    Case No. 1:16-cv-1007

v.                                                Honorable Gordon J. Quist

UNKNOWN CROMPTON et al.,

                    Defendants.
_____/

## OPINION

           This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Baker, Nalley, and Weller. The Court will serve the complaint against the remaining Defendants.

**Discussion**

I.      Factual allegations

Plaintiff Michael Malott presently is incarcerated with the Michigan Department of Corrections at the Oaks Correctional Facility (ECF).  He sues 33 ECF officials:  Dr. (unknown) Crompton; Resident Unit Manager (RUM) (unknown) Thomas; Sergeants (unknown) Baker, (unknown) Stone, (unknown) Kopfman, and (unknown) Biddle; Deputy Wardens (unknown) Ball and (unknown) Sharp; Warden (known) Mackey; Nurse (unknown) Bottrell; Inspector (unknown) Spencley; Prison Counselor (unknown) Weaver; and Corrections Officers (unknown) Taylor, (unknown) Homrich, (unknown) Black, (unknown) Guzikowski, (unknown) Bladzak, (unknown) Verville; (unknown) Farago; (unknown) Annis, (unknown) Carney, (unknown) Smith, (unknown) Gaudio, (unknown) Johnson, (unknown) Nalley, (unknown) Weller, (unknown) Parcardet, (unknown) Mackey, (unknown) Borema, (unknown) Aron, (unknown) Stergeon, (unknown) Blow, and (unknown) Deltour.

In addition to the instant action, Plaintiff has filed a number of other lawsuits in this Court over the last year, alleging constitutional violations by a variety of officials at ECF.  *See Malott v. Weaver et al.*, No. 1:16-cv-1009 (W.D. Mich.); *Malott v. Mackie et al.*, No. 1:15-cv-1148 (W.D. Mich.); *Malott v. Hill et. al.*, No. 1:15-cv-1092 (W.D. Mich.).  In the instant case, Plaintiff alleges that, between July 23, 2016 and August 1, 2016, Defendants engaged in a variety of harassing actions, accompanied by demands for Plaintiff to drop his lawsuits against Defendants or their colleagues.  The harassing conduct includes repeatedly denying Plaintiff his meal trays, spitting into his food, placing pubic hair in his food, and turning off the water to his cell.  The conduct also included more serious allegations:  multiple incidents in which Plaintiff was punched and kicked

- 2 -

and one incident during which he was anally raped with a baton.  In addition, various Defendants demanded oral sex before they would act to end the harassment and assaults.

Plaintiff seeks injunctive relief, together with compensatory and punitive damages.

II.     Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions.  *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679.  Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(I)).

- 3 -

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing the plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant)); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries."); *see also Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994); *Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003); *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974); *Williams v. Hopkins*, No. 06-14064, 2007 WL 2572406, at *4 (E.D. Mich. Sept. 6, 2007); *McCoy v. McBride*, No. 3:96-cv-227RP, 1996 WL 697937, at *2 (N.D. Ind. Nov. 5, 1996); *Eckford-El v. Toombs*, 760 F. Supp. 1267, 1272-73 (W.D. Mich. 1991). Plaintiff fails to even to mention Defendants Baker, Nalley and Weller in the

body of his complaint.  His allegations fall far short of the minimal pleading standards under FED.
R. CIV. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled
to relief").  The Court therefore will dismiss Defendants Baker, Nalley, Weller, and Bottrell from
the action.

Upon review, the Court concludes that Plaintiff's allegations against the remaining
Defendants are sufficient to warrant service of the complaint.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court
determines that Defendants Baker, Nalley, and Weller will be dismissed for failure to state a claim
pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  The Court will serve
the complaint against the remaining Defendants.

An Order consistent with this Opinion will be entered.


Dated:  October 14, 2016                              _____/s/ Gordon J. Quist_____
                                                     GORDON J. QUIST
                                                     UNITED STATES DISTRICT JUDGE